```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               WESTERN DISTRICT OF ARKANSAS
                     TEXARKANA DIVISION
```

**KENNETH BARNES,**                                                        **PLAINTIFF**

    **v.**                    **Case No. 06-4015**

**MICHAEL J. ASTRUE[1],**
**Commissioner, Social**
**Security Administration**                                                **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Kenneth Barnes ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability insurance benefits ("DIB") under Title II of the Act. Plaintiff has exhausted his administrative remedies, and, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After reviewing the record, the Court hereby **REVERSES and REMANDS** the decision of the Administrative Law Judge ("ALJ").

## I.   Background

The complete facts and arguments are presented in the parties' briefs, and will be duplicated only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record sets forth his findings and such will not be repeated herein in its entirety except to the extent

---

[1] Michael J. Astrue became the Social Security Commissioner on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

necessary to address Plaintiff's arguments.

## II.  Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact were supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits, a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*,

510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis).

In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove there are jobs in the national economy the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## III. Analysis

It is well-established that a treating physician's opinion should be accorded special deference under the Social Security regulations. *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir.2000). A treating physician's opinion should be granted "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). The Eighth Circuit Court of Appeals has held that a treating physician's opinion is generally entitled to great weight. *Rankin v. Apfel,* 195 F.3d 427, 430 (8th Cir. 1999). However, the record must be evaluated as a whole. Whether an ALJ grants a treating physician's opinions substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluations. *See* 20 C.F.R. § 404.1527(d)(2). The language in Social Security Ruling 96-2p is also insightful and provides as follows:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR § 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.
>
> SSR 96-2p, 1996 WL 374188, at 4 (Social Security Administration, July 2, 1996).

In our case, the ALJ assigned "no weight to the responses checked on the form completed by [Plaintiff's treating physician] Dr. Floyd.". (Tr. 19)  Dr. Floyd opined that he felt Plaintiff should pursue disability benefits and completed a residual functional capacity evaluation form indicating extreme limitations, which would prevent the Plaintiff from sedentary or other work on a consistent basis.  The ALJ discounted this opinion because Dr. Floyd did not provide any reason for the limitation, the treatment notes were inconsistent with the selected limitations, and the limitations were inconsistent with Plaintiff's own report of his daily activities.

However, Dr. Floyd's opinion is fully consistent with Plaintiff's reports of his daily activities, both in testimony at the hearing before the ALJ and in his Disability Report - Adult provided to the Social Security Administration.  Plaintiff testified he was able to microwave meals, could clean only five to ten minutes at a time, could only do things in his shop for fifteen to twenty minutes at a time, could only lift ten pounds and could not reach overhead.  This testimony is fairly consistent with Plaintiff's reported daily activities in his Disability Report.  In that report Plaintiff stated he could do some household tasks, but these tasks were limited in duration. In his opinion, the ALJ overstated Plaintiff's abilities, and did not take into account the limitations Plaintiff noted in his performance of these various activities.  For example, the ALJ stated that "preparing food" was

one of the Plaintiff's daily activities.  However, Plaintiff stated he could only microwave meals to prepare them.

Additionally, Dr. Floyd's notes are consistent with the checklist.  His notes show Plaintiff complained of pain and was experiencing increasing limitations.  The ALJ discounted Dr. Floyd's checklist because no reasons were provided for the noted limitations.  However, the checklist provides no space for an explanation and only seeks conclusions from the health care provider.  Accordingly, the ALJ erred in improperly evaluating Plaintiff's treating physician and improperly assessed no weight to the physician's opinion.

The final decision of defendant Commissioner of Social Security denying disability insurance benefits is reversed.  The action is remanded to the defendant Commissioner for further proceedings.  On remand, the ALJ shall evaluate the opinion of Mark Floyd, M.D., pursuant to 20 C.F.R. 404.1527 and give good reasons for the weight accorded to this treating physician's opinion.

IT IS SO ORDERED this 23rd day of February, 2007.

/s/ Robert T. Dawson
ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE